# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DERRICK S. PENNEY, BAR NO. 8606

No. 85118

FILED

OCT 10 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113(1), a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Derrick S. Penney. Under this agreement, Penney admitted to violating RPC 1.3 (diligence); RPC 1.4(a) (communication); RPC 1.15(a), (c) (safekeeping property); and RPC 8.1 (disciplinary matters). He agreed to a six-month-and-one-day suspension, to run concurrent to his six-month suspension in *In re Discipline of Penney*, No. 84201, 2022 WL 1302176 (Nev. Apr. 29, 2022) (Order of Suspension), to submit to binding fee arbitration as to one client, and to the payment of costs.

Penney admitted to the facts and violations as part of his guilty plea agreement. Thus, the record establishes that Penney violated the above-listed rules by failing to diligently litigate his client's postconviction actions in both federal and state court, by failing to communicate with the client, and by not placing the client's attorney fees deposit into his trust account. He also did not provide the information requested by the State Bar during its investigation. The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d

464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Penney admitted to knowingly engaging in conduct that violated duties owed to his client, who was harmed by the delay in the handling of his case. Penney's actions also violated duties owed to the legal profession and legal system, with minor injury resulting from his failure to fully participate in the Bar's investigation. The baseline sanction before considering aggravating or mitigating factors is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2018) (providing that suspension is appropriate when "a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client"); Standard 4.12 (providing that suspension is appropriate when "a lawyer knows or should know he is dealing improperly with client property and causes injury or potential injury to a client"), and Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). The record supports the panel's finding of three aggravating factors (prior disciplinary offenses, multiple offenses, and substantial experience in the practice of law) and two mitigating factors (cooperative attitude toward the proceedings and substantial recent personal life changes). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Derrick S. Penney from the practice of law for six months and one day, to run concurrently with his suspension in Docket No. 84201. Penney shall also submit to binding fee dispute arbitration regarding his client's deposit. Finally, Penney shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Chair, Southern Nevada Disciplinary Board
Derrick S. Penney
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

---

[1]The Honorable Abbi Silver having retired, this matter was decided by a six-justice court.

SUPREME COURT
OF
NEVADA

(O) 1947A

3